UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

                         Plaintiff(s),                  **REPORT AND RECOMMENDATION**

-against-                                      CV 09-4036 (ADS)(WDW)

GREGORY J. FREEMAN,
                         Defendant(s).
------------------------------------------------------------X

**WILLIAM D. WALL, United States Magistrate Judge:**

Before the court on referral from District Judge Spatt is the plaintiff's application for damages on the default of the defendant, Gregory Freeman. For the reasons set forth herein, I recommend that the plaintiff United States be awarded total damages in the amount of $12,337.56, including principal, interest, costs and attorney's fees.

**BACKGROUND**

On September 18, 2009, the plaintiff United States filed this action and shortly thereafter served a copy of the summons and complaint on defendant Freeman. Freeman failed to answer, appear, or otherwise move. Plaintiff moved for entry of a default judgment by motion dated November 23, 2009, *see* DE [4], and the Clerk of the Court noted defendant's default on November 24, 2009. By order dated April 12, 2010, Judge Spatt granted the default judgment and referred the damages determination to me. DE[6]. On April 14, 2010, I issued an order directing the plaintiff to submit additional papers or inform the court that it would rely on the papers already submitted, and directed service of the order on the defendant. DE[7]. The plaintiff informed the court in writing on April 20 that it would rely on papers already served. DE[8]. The plaintiff filed proof of service of the order on the defendant (DE[9]), but Freeman has not submitted any opposition. The plaintiff now seeks an award of damages and costs,

including attorneys' fees.

## DISCUSSION

As noted, a default judgment has already been entered against the defendant. A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.,* 973 F.2d 155, 158 (2d Cir.), *cert. denied,* 506 U.S. 1080 (1993). A default "effectively constitutes an admission that the damages were proximately caused by the defaulting party's conduct: that is, the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged." *Cablevision Sys. New York City Corp. v. Lockshin,* 980 F. Supp. 107, 111 (E.D.N.Y. 1997). The burden is on the movant to establish its entitlement to recovery, but the movant need only prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound,* 973 F.2d at 159. To that end, the plaintiff must "prove damages at an evidentiary proceeding at which the defendant has the opportunity to contest the claimed damages." *Bravado Int'l Group Merchandising Servs,, Inc. v. Ninna, Inc.*, 655 F. Supp. 2d 177, 189-90 (E.D.N.Y. 2009). "While 'the court must insure that there is a basis for the damages specified in a default judgment, it may, but need not, make the determination through a hearing.'" *Id.* at 190 (quoting *Fustok v. Conti-Commodity Servs., Inc.,* 122 F.R.D. 151, 156 (S.D.N.Y. 1988), *aff'd*, 873 F.2d 38 (2d Cir. 1989)).

Here, the plaintiff seeks payment of monies owed on promissory notes issued in connection with two student loans. On the first claim, Number 2009A57332, the plaintiff seeks $1,093.67 as the principal balance; $1,438.46 as accrued interest at a rate of 5.82%; and $400 in costs for filing and service of process. On the second claim, Number 2009A57319, the plaintiff seeks $2,791.27 as the principal balance and $4,907.90 as accrued interest at the rate of 10%.

The total damages and costs on the two claims, according to the plaintiff, is $10,631.30[1]. *See* Sucher Aff., DE[4-1] ¶10. In addition, the plaintiff seeks $2,136.26 as attorney's fees, a number representing 20% of the total amount of damages. *Id.*, ¶¶6-7.

The court need not enter into a detailed analysis as to the principal and interest sought. I recommend that those amounts be awarded, the plaintiff having provided Certificates of Indebtedness annexed to the Complaint that substantiate those amounts, with a small amount of added interest from the time of the Complaint to the time of the motion for default. *See also* Sucher Aff., DE[4-1]. Somewhat more detail is required as to the costs and attorney's fees analysis, however.

The Higher Education Act of 1965 provides that "a borrower who has defaulted on a loan made under this subchapter . . . shall be required to pay . . . reasonable collection costs." 20 U.S.C. §1091a (b)(1). "Collection costs" have been found to include attorney's fees and costs. *See United States v. Vilus,* 419 F. Supp. 2d 293, 297 (E.D.N.Y. 2005). The court finds that plaintiff is entitled to recover attorney's fees and costs, and turns to a determination of the amount of that recovery.

**a.) Costs:**

The plaintiff seeks $400 in costs, consisting of $350 in filing fees and $50 for service of the summons and complaint. The United States is not required to pay a filing fee when initiating an action in federal court; no such payment is reflected in the Civil Docket for this case; and the plaintiff has not provided a receipt for payment of any filing fee. Thus, the $350 should be

---

[1] In his Affirmation, plaintiff's counsel notes the total as $10,681.30, but the correct amount is $10,631.30. That computation error led to an error in the amount of attorney's fees sought, as well. The numbers have been corrected in the final calculation of the award recommended herein.

denied.[2] The $50 service fee, on the other hand, is substantiated by an invoice from Federated Legal Services, Inc., and that amount should be awarded.

**b.) Attorney's Fees:**

Plaintiff seeks an award of attorney's fees equal to 20% of the total amount due. Counsel does not seek an award on the alternative basis of actual work performed. Plaintiff claims that a fee of 20% of the recovery is "in line with the percentage awarded as reasonable attorney's fees in this Court." Sucher Aff. ¶7, DE [4-1]. Courts in this District have concluded that a contingency arrangement that provides for an award of attorney's fees equal to 20% of the total debt in student loan collection cases "is neither unreasonable nor exorbitant." *Vilus,* 419 F. Supp. 2d at 300. I agree, and recommend an award of attorney's fees in the amount of 20% of the total debt, or $2056.26, slightly lower than the amount sought by plaintiff, to account for the reduction in costs of $350.

Thus, the plaintiff should be awarded damages as follows:

| | |
|---|---:|
| Claim One Principal | $1,093.67 |
| Claim One Interest | 1,438.46 |
| Claim Two Principal | 2,791.27 |
| Claim Two Interest | 4,907.90 |
| Costs | 50.00 |
| Subtotal | $10,281.30 |
| Attorney's Fees @ 20% | 2,056.26 |
| Total Award | $12,337.56 |

**OBJECTIONS**

A copy of this Report and Recommendation is being sent to counsel for the plaintiffs by

---

[2] 28 U.S.C. §2412 provides, in part, that a judgment for costs awarded in favor of the United States as a plaintiff "*may* include an amount equal to the filing fee." 28 U.S.C. §2412 (a)(2)(emphasis added). Plaintiff has not, however, provided any law or argument to suggest that this statute entitles it to recover a "cost" that it never actually incurred.

electronic filing on the date below. Plaintiff's counsel is directed to serve a copy of this Report on the defendant by certified mail, return receipt requested, and to electronically file proof of service with the court. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days. *See* 28 U.S.C. §636 (b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within this period waives the right to appeal the District Court's Order. *See Ferrer v. Woliver,* 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
July 26, 2010

/s/ William D. Wall
WILLIAM D. WALL
United States Magistrate Judge